**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| TRAVIS FUESLER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 4:25-cv-4 |
| LAND OF INDIANA, INC. and LARRY MORIN, | ) ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Travis Fuesler ("Fuesler"), individually and on behalf of all others similarly situated, by and through his attorneys Macey Swanson Hicks & Sauer, hereby brings this Collective Action Complaint against Defendants Land of Indiana, Inc. ("Land of Indiana") and Larry Morin ("Morin"), and states as follows:

## INTRODUCTION

1.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Fuesler individually and on behalf of all similarly situated persons employed by Defendant Land of Indiana and Morin, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

2.      Land of Indiana is a supplier of hardwood logs that operates a logging company in Bedford, Indiana.

3.      At all relevant times, Land of Indiana served as an employer of Fuesler and the members of the putative collective.

4.      At all relevant times, Morin has also served as an employer of Fuesler and the members of the putative collective within the meaning of the FLSA.

5.      Fuesler and the members of the putative collective are or were employed by Land of Indiana and Morin and were responsible for numerous tasks, including, but not limited to, some or all of the following: raking; mowing grass; clearing and/or spraying weeds; sweeping; picking up trash; fixing tarps; cleaning and sharpening saws and saw chains; cleaning, maintaining and/or repairing other equipment; removing grease from floors; grading/leveling gravel; turning off the generator; and cutting, moving and/or waxing logs that were sold by Land of Indiana.

6.      Land of Indiana and Morin failed to pay Fuesler and other non-exempt employees at a rate of not less than one and one-half (1.5) times their regular rates of pay for hours they worked in excess of forty (40) hours in a workweek.

7.      Fuesler seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the proposed FLSA collective ("Collective"), defined as: All current and former hourly or salaried employees who were non-exempt under the Fair Labor Standards Act who worked for Land of Indiana, Inc. at any time within the three years preceding the commencement of this action and the date of judgment. See 29 U.S.C. §§ 207(a)(1); 216(b).

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over the FLSA claim of Fuesler pursuant to 28 U.S.C. § 1331 because his claims raise a federal question under 29 U.S.C. § 201, et seq.

9.      The Court has personal jurisdiction over Defendants because they have systematic and continuous contacts with the State of Indiana, and Fuesler's claims arise out of those contacts.

10.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Fuesler's claims occurred in this District.

## PARTIES

11.    Fuesler is a resident of Lawrence County Indiana, and he was employed by Defendant as a salary employee at all relevant times.

12.    Fuesler signed a consent form to join this lawsuit. See Exhibit 1.

13.    Land of Indiana is a for-profit Indiana corporation that, at all relevant times, has operated at least one facility, which is located at 10 Pinewood Drive, Bedford, IN 47421.

14.    Land of Indiana's principal office address is 157 The Woods, Bedford, IN 47421 and its registered agent for service in Indiana is Larry Morin, 157 The Woods, Bedford, IN 47421.

15.    Morin is owner and president of Land of Indiana.

16.    Upon information and belief, Morin's address is 157 The Woods, Bedford, IN 47421.

## FACTUAL ALLEGATIONS

17.    Land of Indiana and Morin employed Fuesler and other similarly situated employees to perform numerous tasks, including, but not limited to, some or all of the following: raking; mowing grass; clearing and/or spraying weeds; sweeping; picking up trash; fixing tarps; cleaning and sharpening saws and saw chains; cleaning; maintaining and/or repairing other equipment; removing grease from floors; grading/leveling gravel; turning off the generator; and cutting, moving and/or waxing logs that were sold by Land of Indiana.

18.    Land of Indiana and Morin misclassified Fuesler and other similarly situated employees as exempt employees even though they are non-exempt under the FLSA and either paid them on a salary basis or on an hourly basis without any guaranteed, predetermined amount of pay per week.

19.     At all relevant times, Land of Indiana and Morin controlled non-exempt employees' work schedules, duties, protocols, applications, assignments, and employment conditions.

20.     At all relevant times, Morin: had the power to hire and fire employees; supervised and controlled employee work schedules or conditions of employment; determined the rate and method of payment of his employees; and/or maintained employment records.

21.     Land of Indiana and Morin knowingly suffered and permitted non-exempt employees to work more than forty (40) hours in a regular workweek.

22.     Defendants have policies that require work for which non-exempt employees are not properly paid overtime.

23.     The work that Fuesler and other similarly situated employees performed for Land of Indiana and Morin is compensable under the FLSA because it was required by and benefited Defendants, and because it was integral and indispensable to employees' work duties.

24.     In weeks during the last three (3) years, Land of Indiana and Morin failed to pay Fuesler and other similarly situated employees overtime at one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks.

25.     Land of Indiana and Morin knew and/or recklessly disregarded that Fuesler and other similarly situated employees were not being paid overtime at one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks and were non-exempt.

26.     Fuesler complained internally about his failure to receive overtime at one and one-half (1.5) times his regular rate(s) of pay when he worked more than forty (40) hours in workweeks

and also by filing a filed a complaint against Land of Indiana with the Wage and Hour Division of the United States Department of Labor.

27.    After he submitted his complaints, Land of Indiana and Morin ended Fuesler's employment.

## COLLECTIVE ACTION ALLEGATIONS

28.    Fuesler brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually on his own behalf and on behalf of the proposed FLSA Collective, defined as:

> All current and former hourly or salaried employees who were non-exempt under the Fair Labor Standards Act who worked for Land of Indiana, Inc. at any time within the three (3) years preceding the commencement of this action and the date of judgment.

Fuesler reserves the right to amend this definition as necessary.

29.    Excluded from the proposed Collective are Defendants' exempt executives, administrative and professional employees, including computer professionals and outside salespeople.

30.    With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Fuesler under 29 U.S.C. § 216(b). The proposed Collective of employees on behalf of whom Fuesler brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, or plans; and (c) their claims are based upon the same factual and legal theories.

31.    The employment relationships between Defendants and every Collective member are the same and differ only in name, assignment, and rate of pay. In addition to these common issues of fact, the proposed Collective possesses several common issues of fact and law, including, but not limited to: (1) whether Defendants violated the FLSA and provisions thereof; and (2) if so,

what is the respective amount of uncompensated overtime pay and other recoverable damages owed to each employee.

## COUNT I-

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. BY LAND OF INDIANA AND MORIN– FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207

### (Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))

32.     All preceding paragraphs are incorporated herein by reference.

33.     At all times relevant to this action, Land of Indiana was an enterprise with annual gross volume of sales made or business done that exceeded $500,000.

34.     At all times relevant to this action, Land of Indiana was an enterprise with employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

35.     Fuesler and the proposed FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

36.     At all times relevant to this action, Land of Indiana has been an employer of Fuesler and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA that is subject to the provisions of 29 U.S.C. §§ 201, et seq.

37.     At all times relevant to this action, Morin has also been an employer of Fuesler and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA who is subject to the provisions of 29 U.S.C. §§ 201, et seq.

38.     At all times relevant to this action, Land of Indiana and Morin "suffered or permitted" Fuesler and other similarly situated employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

39.     Fuesler and other similarly situated employees regularly worked for Land of Indiana and Morin in excess of forty (40) hours in a workweek.

40.     At all times relevant to this action, Land of Indiana and Morin suffered and permitted Fuesler and other similarly situated employees to work for Land of Indiana in excess of forty (40) hours in many workweeks but failed to pay these employees the federally mandated overtime compensation for such time.

41.     The uncompensated overtime work performed by Fuesler and members of the proposed Collective was an essential part of their jobs and these activities, and the time employees spent performing these activities is not *de minimis.*

42.     In workweeks where Fuesler and other members and other similarly situated employees worked in excess of forty (40) hours, they should have been paid at the federally mandated rate of one and one-half (1.5) times each employee's regular hourly wage. 29 U.S.C. § 207.

43.     Defendants' violations of the FLSA were knowing, willful and not in good faith. Defendants knew that Fuesler and similarly situated employees were entitled to receive overtime pay at the federally mandated rate of one and one-half (1.5) times each employee's regularly hourly wage when they worked excess of 40 hours in a workweek or, alternatively, acted with reckless disregard in not properly paying that overtime to said employees.

44.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorney's fees.

### COUNT II-

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. BY LAND OF INDIANA AND MORIN– RETALIATION IN VIOLATION OF 29 U.S.C. § 215

45.    All preceding paragraphs are incorporated herein by reference.

46.    Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

47.    Fuesler complained internally and with the Wage and Hour Division of the United States Department of Labor about his failure to receive overtime pay at one and one-half (1.5) times his regular rate(s) of pay in workweeks he worked more than forty (40) hours.

48.    After he made his complaints, Land of Indiana and Morin adversely retaliated against Fuesler by ending his employment.

49.    Land of Indiana and Morin adversely retaliated against Fuesler by ending his employment because he sought to redress Defendants' unlawful employment practices under the FLSA.

50.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Fuesler has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

51. The retaliatory conduct of Defendants constitutes a willful violation of the FLSA for which Fuesler is entitled to an award of compensatory damages, including, but not limited to, emotional distress and anguish, pain and suffering and inconvenience, punitive damages and liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Fuesler seeks the following relief:

A. Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claim and proposed FLSA Collective set forth herein;

B. An Order requiring Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members and permitting Fuesler to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

C. Designation of Fuesler as representative for the FLSA Collective and the undersigned as counsel for the FLSA Collective;

D. Declaration that the Defendants violated the FLSA;

E. Declaration that the Defendants' violations of the FLSA were willful;

F. Judgment in favor of Fuesler and the FLSA Collective and an award to Fuesler and the FLSA Collective of the full amount of damages and liquidated damages available by law;

G. Reinstatement of Fuesler to his former position;

H. Litigation costs, expenses, and attorney's fees;

I. Incentive awards to Fuesler for serving as the representative of the FLSA Collective;

J.      Compensatory damages, including, but not limited to, emotional distress and anguish, pain and suffering and inconvenience;

K.      Punitive damages; and

L.      All other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff Fuesler, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated:

Respectfully submitted,

/s/ Robert A. Hicks

Robert A. Hicks, Attorney No. 2531049

Macey Swanson Hicks & Sauer
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN  46204-1800
Phone: (317) 637-2345
Fax: (317) 637-2369
Email:  rhicks@maceylaw.com

Attorney for Plaintiff